## CITY OF MANATEE, FLA., v. GEDNEY & SONS, Inc.

### No. 5730.

Circuit Court of Appeals, Fifth Circuit.

June 18, 1930.

Dewey A. Dye, of Bradenton, Fla., for appellant.

Geo. W. Wylie, of St. Petersburg, Fla., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and SIBLEY, District Judge.

BRYAN, Circuit Judge.

Appellee constructed a sewer system for the City of Manatee, Fla., under a contract which provided for the payment of upwards of $240,000. The city paid all the contract price except $4,000, and defended this suit brought by appellee to recover that amount on the ground that the work was not properly done, or that defective sewer pipe was used. In support of its defense the city proved that about a year after the contract was completed the main sewers on two streets were cracked or broken, and filled up with sand; and that there were faulty connections with the offsets that led to the houses. The city's consulting engineer, under whose supervision the construction work was done, testified that if the sewer pipes had been up to specifications and if the work had been properly done, in his opinion the sewers would have been in perfect condition. On cross-examination he stated that the foundations were good, but that it was possible that the condition found might have been brought about by a lack of side drainage or by high tides entering them from the river. There was no proof that the side drainage was insufficient or that the sewers had been affected by high tides. Across the river the sewer system which was built about the same time under similar specifications was not affected by high tides which were caused by a storm in 1926. The construction contract required the work to be carried out according to specifications which provided that the contractor should not allow water to rise, during construction, in the trenches until the cement and mortar used in the joints had hardened, and that the trenches should be carefully refilled with proper material after the mortar had set. Testimony of other witnesses tending to show that large quantities of defective, broken, and crushed pipe were to be found in other parts of the sewer system was rejected on the ground that the conditions complained of might have been brought about by some cause other than defective work or

material. At the conclusion of the city's evidence, the trial court directed a verdict for the contractor for the balance claimed.

We are of opinion that there was enough evidence introduced and tendered by the city to make it a jury question whether appellee complied with the requirements of the contract in regard to the furnishing of the kind of pipe specified, and the manner of performing the work of installation. If good material was furnished and properly placed and the joints cemented together in a workmanlike manner, the jury would have been justified in concluding that the sewer system would have remained in good condition. None of the conditions which it was supposed might possibly have affected the sewer system was shown to have caused the defects of which the city complains. It was undisputed, under the evidence adduced, that the foundations were good, and the fact that the high tide caused by the storm did not injuriously affect the sewer system on the opposite side of the river would seem to make less likely the theory that high water had anything to do with the breaking of sewer pipes in the city of Manatee. At least it is true, in our opinion, that reasonable men could well come to the conclusion either that the work was faulty or that the sewer pipes used were defective. We therefore think that on the showing made it was error to withdraw the case from the jury.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.